**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHELE FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CV-4234 |
| ) | |
| BOARD OF EDUCATION OF THE ) | Honorable Rebecca R. Pallmeyer |
| PRAIRIE-HILLS ELEMENTARY SCHOOL ) | |
| DISTRICT 144, *et al.*, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' MOTION FOR ENTRY OF SUMMARY JUDGMENT

NOW COME Defendants, Board of Education of the Prairie-Hills Elementary School District 144, Barbara Nettles, Joyce Dickerson, Sharon Davis, Juanita Jordan, Elaine Walker, Kathy Taylor, Natalie Myers, and Dr. Kimako Patterson, (hereinafter the "District" or "Defendants"), by and through their attorneys Frank B. Garrett III and Kerri L. Feczko of ROBBINS SCHWARTZ NICHOLAS LIFTON & TAYLOR, LTD., and as their Motion For Entry of Summary Judgment, state as follows:

1. On April 30, 2019, the Court issued a briefing schedule wherein Defendants' Motion for Summary Judgment was due on or by June 14, 2019, Plaintiff's Response was due on or by July 12, 2019, and Defendants' Reply was due on or by July 26, 2019. (ECF No. 56).

2. On June 14, 2019, Defendants complied with the Court's Order and timely filed its Motion for Summary Judgment, accompanying Memorandum, and Rule 56.1 Statement of Facts. (ECF Nos. 61-63).

3. Plaintiff did not file a Response to Defendants' Motion for Summary Judgment on July 12, 2019 in violation of the Court's Order.

4. Furthermore, Plaintiff did not file a Motion for an extension to respond to Defendants' Motion for Summary Judgment on or before the Court's deadline of July 12, 2019.

5.   Instead, on July 22, 2019, Plaintiff filed a retroactive Motion for an Extension to Respond to Defendants' Motion for Summary Judgment and noticed it for presentment two weeks later. (ECF Nos. 68-69).

6.   On July 23, 2019, Defendants filed objections to Plaintiff's retroactive Motion for an Extension of Time to respond to Defendants' Motion for Summary Judgment and requested that the Court deny said motion due to Plaintiff's failure to demonstrate "excusable neglect" as required by Federal Rule of Procedure 6(b). (ECF No. 70).

7.   On August 1, 2019, the Court rescheduled the hearing on Plaintiff's Motion for an Extension to Respond to Defendants' Motion for Summary Judgment to August 8, 2019. (ECF No. 71).

8.   Just before midnight on August 6, 2019, Plaintiff filed her Response to Defendants' Motion for Summary Judgment without prior approval or leave from the Court. (ECF No. 72).

9.   On August 7, 2019, Defendants filed a Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment for untimeliness and numerous procedural deficiencies. (ECF No. 73). These procedural deficiencies included:

   a. Exceeding the page limit set out in Local Rule 7.1 without the approval or leave from the Court to do so;

   b. Filing a "Statement of Additional Disputed or Undisputed Material Facts" comprised of eighty-three (83) Statements of Facts – well in excess of the maximum forty (40) Statements of Additional Facts permitted by Local Rule 56.1(b)(3) – without seeking prior approval or leave from the Court. (ECF No. 72);

   c. Failing to file a separate Statement of Additional Facts, and instead, attempting to present additional facts in her Response to Defendants' Motion for Summary Judgment in violation of Local Rule 56.1;

   d. Failing to support any of Plaintiff's Statements of Additional Facts with any citations or references to affidavits, parts of the record, or other supporting materials in violation of Local Rule 56.1(b)(3)(C); and

   e. Attaching two inadmissible affidavits that were unsworn and not subscribed in proper form as true under the penalty of perjury. 28 U.S.C. § 1746; Fed. R. Civ.

P. 56(c)(4). (ECF No. 73).

10. On August 8, 2019, the parties appeared before the Court on Plaintiff's retroactive Motion for an Extension of Time to respond to Defendants' Motion for Summary Judgment. The Court granted Plaintiff's Motion for an Extension and issued a new briefing schedule wherein Defendants' Reply in support of their Motion for Summary Judgment shall be filed on or by August 29, 2019. (ECF No. 75). The Court further denied Defendants' Motion to Strike without prejudice, but advised the parties that to the extent that Plaintiff's submissions do not comply with Rule 56 or Local Rule 56.1, the Court will disregard them. (ECF No. 75).

11. When the Court granted Defendants' Motion for Leave to File its Reply Memorandum in Excess of Fifteen (15) pages on August 23, 2019, the Court reminded the parties that Statement of Facts not supported by record citations in violation of Local Rule 56.1 will be disregarded. (ECF No. 78).

12. On August 29, 2019, Defendants complied with the Court's Order and timely filed their Reply in support of their Motion for Summary Judgment and Response to Plaintiff's Rule 56.1 Statement of Additional Facts. (ECF Nos. 61-63).

13. Eleven days later, on September 9, 2019, Plaintiff filed a Motion for Leave to Amend her Response to Defendants' Motion for Summary Judgment to fix the procedural deficiencies that Plaintiff was aware of, at the latest, since Defendants filed their Motion to Strike over a month earlier. (ECF No. 81).

14. On September 12, 2019, Defendants filed a Motion to Strike Plaintiff's Motion for Leave to Amend her Response to Defendants' Motion for Summary Judgment as it was unduly delayed, would cause undue prejudice to Defendants, and contained further deficiencies that rendered it effectively futile. (ECF No. 82).

15. On September 19, 2019, the Court granted Plaintiff's Motion for Leave to Amend her Response up to and including September 27, 2019. (ECF No. 84).

16. On September 22, 2019, Plaintiff filed a Motion "For Correct [sic] Plaintiff's Response to Defendant's Motion for Summary Judgment." (ECF No. 85). The Motion seeks to allow Plaintiff to "file correct" [sic] her Response to Defendants' Motion for Summary Judgement "by filing the attached affidavits." (EFC No. 85). The attached affidavits include two different versions of Plaintiff's affidavit and an affidavit from Jan Barry. (ECF No. 85). As has become customary for Plaintiff, the motion was not noticed to be heard before the Court.

17. As of the date of this filing, Plaintiff has not filed an Amended Response to Defendants' Motion for Summary Judgment in violation of this Court's September 19, 2019 Order. (ECF No. 84).

18. Pursuant to the Federal Rules of Civil Procedure, if a party fails to properly address another party's assertion of fact, the Court may "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

19. Where a plaintiff has failed to file a Response to a Motion for Summary Judgment — in this case, after a second chance provided by the Court – there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

20. The Seventh Circuit has consistently held that a plaintiff's failure to respond to a defendant's motion for summary judgment constitutes an admission that there are no disputed issues of genuine fact warranting trial. *See Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir.1995); *see also Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (failure to controvert movant's facts deemed an admission of those facts); *Terrell v. Am. Drug Stores*, 65 F. App'x 76, 77 (7th Cir. 2003) (deeming plaintiff's failure to respond as an admission that defendant's version of the facts

is true); *see also Longs v. City of S. Bend*, 201 F. App'x 361, 363 (7th Cir. 2006) ("With no response from [Plaintiff]…he did not meet his burden under Rule 56, and the District's Court entry of summary judgment was proper.").

21. This Court has similarly treated a defendant's motion for summary judgment as unopposed due to plaintiff's failure to file an opposition brief. See *Hawk v. Bd. of Educ. of City of Chicago*, No. 04 C 4263, 2007 WL 844578, at *10 (N.D. Ill. Mar. 16, 2007); *see also In re Zimmer Nexgen Knee Implant Prod. Liab. Litig.*, No. 11 C 5468, 2015 WL 3669933, at *33 (N.D. Ill. June 12, 2015) ("The Court will grant summary judgment against a party that does not produce evidence that would allow a reasonable jury to find in its favor on a material question.").

22. This Court has given Plaintiff every opportunity to comply with the Court's rules and deadlines. Plaintiff has continually disregarded and ignored this Court's Orders regarding filing of briefs. (ECF Nos. 56, 84). In fact this is the fifth time that Plaintiff has disregarded a Court-ordered deadline during the litigation of this case. (ECF Nos. 19-20, 41, 42, 56, and 84).

23. Plaintiff has regularly engaged in a pattern of abusive litigation practices without consequence. Namely, Plaintiff failed to timely respond to Defendants' Motion to Dismiss by the Court-ordered deadline (ECF No. 19-20), failed to provide responses to outstanding written discovery requests within the deadline ordered by the Court (ECF No. 41), failed to provide three viable dates for Plaintiff's deposition before the close of discovery in violation of the Court's Order (ECF No. 42, 44), failed to file a timely Response to Defendants' Motion for Summary Judgment without requesting an extension of time to respond until ten days after the deadline (ECF No. 68), failed to file a Response that complies with the Federal Rules of Civil Procedure or the Northern District of Illinois Local Rules (ECF No.73, 75), failed to request leave to amend her response until *after* Defendants filed their Reply (ECF No. 81), and has now failed to file her Amended Response by September 27, 2019, as ordered by the Court (ECF No. 84).

24. The Court's orders were "neither ambiguous nor confusing, and there was nothing

contradictory in the [C]ourt's orders that would or should cause a diligent, conscientious, intelligent, qualified and well-trained attorney to misinterpret, much less be misled by the [C]ourt's directives." *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004).

25. Plaintiff has reached the point where her or her Counsel's disregard of scheduling orders has become so serious that a sanction, including entry of summary judgment for Defendants, is justified. *See, e.g., Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 909–10 (7th Cir.2003); *see also In re Plunkett*, 82 F.3d 738, 742 (7th Cir.1996) ("Missing a filing deadline because of slumber is fatal.").

26. Plaintiff's Counsel has made no contact with Defense Counsel to request an extension of time to file an Amended Response, or to provide an explanation as to his delay in filing.

27. Defendants continue to incur needless fees and costs to address Plaintiff's negligence in the prosecution of her case. This case has been unnecessarily delayed by Plaintiff's failure to comply with Court-imposed deadlines to the detriment of the Defendants.

28. Though unfortunate for Plaintiff that she is bound by the actions or inactions of her counsel, Plaintiff "should not be permitted to shift the burden of [her] agent's neglect to the district court and the defendants." *Tango Music, L.L.C. v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). If Plaintiff's Counsel's neglect protected Plaintiff from ill consequences, "neglect would become all too common. It would be a free good." *Easley*, 382 F.3d at 699–700.

29. Because Plaintiff has failed to file any, let alone a timely, Response to Defendants' Motion for Summary Judgment, Plaintiff's failure constitutes an admission that there are no genuine issues of material fact. Therefore, entry of judgment in favor of Defendants is warranted.

WHEREFORE, Defendants, Board of Education of the Prairie-Hills Elementary School District 144, Barbara Nettles, Joyce Dickerson, Sharon Davis, Juanita Jordan, Elaine Walker, Kathy Taylor, Natalie Myers, and Dr. Kimako Patterson, respectfully request that this Honorable

Court enter an order entering summary judgment in favor of Defendants and for any other relief this Court deems just and appropriate.

Respectfully submitted,

**BOARD OF EDUCATION OF THE PRAIRIE-HILLS ELEMENTARY SCHOOL DISTRICT 144; BARBARA NETTLES; JOYCE DICKERSON; SHARON DAVIS; JUANITA JORDAN; ELAINE WALKER; KATHY TAYLOR; NATALIE MYERS; AND DR. KIMAKO PATTERSON**

By: s/Kerri L. Feczko
    One of the Attorneys for Defendants

Frank B. Garrett III (6192555)
fgarrett@robbins-schwartz.com
Kerri L. Feczko (6320598)
kfeczko@robbins-schwartz.com
**ROBBINS SCHWARTZ NICHOLAS**
 **LIFTON & TAYLOR, LTD.**
55 West Monroe Street, Suite 800
Chicago, Illinois 60603
(312) 332-7760

## **CERTIFICATE OF SERVICE**

I, Kerri L. Feczko, hereby certify that I electronically filed the Defendants' Motion For Entry of Summary Judgment with the Clerk of the Court using the CM/ECF system on October 4, 2019, which constitutes service on all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9:

/s/Kerri L. Feczko
Kerri L. Feczko